UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

**BON APPETIT MANAGEMENT COMPANY,**
a California corporation,

       Plaintiff,          Case No.:

v.         Hon.

**ALBION COLLEGE,**
a Michigan Non-Profit Corporation,

       Defendant.
_____/

JAFFE, RAITT, HEUER & WEISS, P.C.
R. Christopher Cataldo (P39353)
Attorneys for Plaintiff
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
ccataldo@jaffelaw.com
_____/

**COMPLAINT AND JURY DEMAND**

    Plaintiff Bon Appetit Management Company ("Plaintiff" or "Bon Appetit"), by its undersigned counsel, states the following for its Complaint against Defendant Albion College ("Defendant" or "Albion"):

**Parties, Jurisdiction and Venue**

    1.      Bon Appetit is a provider of food-service management to universities, corporations, museums and specialty venues. Bon Appetit is a citizen of California as that term is defined under 28 U.S.C. § 1332(c)(1) because it is incorporated in California and has its principal place of business in Palo Alto, California.

    2.      Albion is a non-profit corporation that operates a private liberal arts college in Albion, Michigan. Albion is a citizen of Michigan as defined under 28 U.S.C. § 1332(c)(1) because it is incorporated in Michigan and has its principal place of business in Michigan.

1

3. The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction) because this case is between citizens of different states (California and Michigan) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## STATEMENT OF FACTS

### *The Agreement*

5. On or about June 8, 2011, Bon Appetit and Albion entered into a food services agreement pursuant to which the parties agreed, among other things, that Bon Appetit would have "the exclusive right to provide and manage [Albion's] food service program including catering service…on the campus of Albion College" (the "Services").

6. This agreement had an initial term of 5 years and was subsequently amended six times. The original agreement and all amendments are attached as Exhibit 1 and incorporated herein by reference**.**  The original agreement and all amendments shall be referred to herein collectively as the "Agreement".

7. The Agreement is governed under Michigan law.

8. Under the Agreement, all amounts due to Bon Appetit shall be paid by the end of the month in which the invoice is received by Albion or within fifteen (15) days of the invoice date, whichever is later, or the amount is considered past due. Past due amounts due to Bon Appetit are subject to service charge of up to .5% per month of the unpaid balance. All costs of collection of past due amounts, including but not limited to, reasonable attorney fees and costs, shall be

chargeable to and paid by Albion.  *See* **Exhibit 1**, Schedule A, paragraph D and, also Exhibit A to Amendment Number 5, paragraph D.

9. Albion operates on a fiscal year beginning July 1 of each year and which ends on June 30 of the following year.

10. On July 1, 2018, Bon Appetit and Albion executed Amendment Number Three which governed the Agreement beginning with Albion's fiscal year commencing July 1, 2018.

11. Amendment Three modified the payment obligations set forth in Schedule A to the Agreement.  Pursuant to Amendment Three, Bon Appetit and Albion agreed to amend Schedule A.1 of the Agreement governing Albion's payment obligation to delete paragraphs (a), (b) and (c) and to replace it with the following:

> July 1, 2018 – June 30, 2019: a Base Management Fee of the greater of $215,000 or 1% of revenues, plus 50% of the excess revenues minus cost of business over the annual override.  Total fees and earnings to Bon Appetit may not exceed 5% of all program revenue.
>
> Upon achievement of a specified level of Revenue (the "Override Amount"), Bon Appetit and [Albion] shall split equally any Revenues (minus applicable Costs of Business) earned in excess of the Override Amount.  Bon Appetit's share shall not exceed five percent (5%) of total Revenues.  Bon Appetit and [Albion] shall mutually agree upon the Override Amount for the upcoming academic year during [Albion's] budget process in April and May, but no later than June 1.  Efforts will be made to identify revenues and costs of business that will mirror Client's internal budget reporting.  [Albion] shall provide Bon Appetit with an assurance of minimum revenues from commercial efforts such as Summer Conference Sales.  Both parties will work to determine the estimated cost of business.

12. During the fiscal year beginning July 1, 2018, Bon Appetit provided various Services to Albion under the Agreement and later issued various invoices for those Services and other amounts due and owing pursuant to the terms of the Agreement.

13. Albion paid Bon Appetit's invoices in full for Services performed and other amounts owed during the period of July 1, 2018 to September 30, 2018.  However, Albion short-

3

paid Bon Appetit's invoices for Services performed and amounts owed under the Agreement during the period of October 1, 2018 through January 31, 2019. In addition, Albion failed to pay any amount toward Bon Appetit's invoices for Services performed and other amounts owed under the Agreement from February 1, 2019 to June 30, 2019.

14. Albion failed or refused to pay Bon Appetit a total of $2,459,967.01 for Services performed and other amounts owed under the Agreement from October 1, 2018 through June 30, 2019, and which were duly invoiced. All of the above amounts are "past due" and all are subject to the .5% service charge per month beginning from the time that all amounts became past due, plus costs and attorney fees incurred for collection.

15. Pursuant to Amendment Number 6, applicable to the period beginning July 1, 2019, the billing arrangement between Bon Appetit and Albion was changed to one based upon profit and loss.

### *Defendant Terminates the Agreement Without Cause and Fails to Pay Outstanding Amounts Due*

16. In mid-March 2020, Bon Appetit asked Albion to pay its outstanding balance.

17. In an April 4, 2020 email to Bon Appetit, Tim DeWitt, Treasurer of Albion, acknowledged that Bon Appetit "should be made whole," but asked for an explanation of Bon Appetit's billing. An explanation for the billing was provided, but Albion failed or refused to pay Bon Appetit the past due amounts owed and invoiced for the fiscal year beginning July 1, 2018.

18. On or about May 21, 2020, Albion's counsel sent a letter to Bon Appetit, seeking to terminate the Agreement, generally claiming that Bon Appetit had failed to comply with its obligations under the Agreement ("Termination Notice"). The Termination Notice did not specify any deficiency by Bon Appetit and did not give Bon Appetit any opportunity to cure. The Termination Notice did not create a termination for cause.

19. Bon Appetit vigorously disputes that it has breached the Agreement in any way and further disputes that Albion had cause to terminate the Agreement. Notwithstanding the forgoing, Bon Appetit does not dispute that the Agreement was terminated without cause effective July 1, 2020.

20. Upon termination of the Agreement for any reason, Albion retained the obligation to pay Bon Appetit in full for all outstanding amounts owed. The Agreement states:

> Termination of this Agreement does not affect any obligations incurred before termination. In the event of a termination for any reason, all amounts outstanding shall become due and payable to Bon Appetit within thirty (30) days after termination. *See* **Exhibit 1**, Fifth Amendment, Schedule A, paragraph J.

21. Notwithstanding Albion's termination of the Agreement without cause, it remains obligated to pay Bon Appetit $2,460,000 for Services performed and amounts incurred for the period of October 1, 2018 to June 30, 2019, plus service charges of 0.5% per month for all past due amounts commencing at the time such amounts became past due, plus all costs of collection incurred by Bon Appetit, including reasonable attorney fees.

## **COUNT I – BREACH OF CONTRACT**

22. Bon Appetit incorporates the preceding paragraphs of this Complaint as if fully restated herein.

23. Bon Appetit and Albion entered into a valid and binding Agreement pursuant to which Bon Appetit provided Services at Albion's campus, as described above. The Agreement, including all amendments, is attached at Exhibit 1 and incorporated herein by reference.

24. Bon Appetit has performed all of its obligations under the Agreement.

25. Albion has breached the Agreement by failing to pay Bon Appetit all amounts owed.

4904910.v3

26.     Bon Appetit has been damaged by Albion's breach of the Agreement in the amount of $2,460,000 which is the outstanding amount due for Services and other amounts incurred under the Agreement for the period from October 1, 2018 to June 30, 2019, plus service charges in the amount of .5% per month from the date that all amounts became past due, plus all costs of collection incurred by Albion, including reasonable attorney fees.

## COUNT II – ACCOUNT STATED

27.     Bon Appetit incorporates the preceding paragraphs of this Complaint as if fully restated herein.

28.     Bon Appetit sent Albion invoices for its Services and other amounts owed for the period from October 1, 2018 to June 30, 2019, which detailed the amounts owed to Bon Appetit for those periods.

29.     Albion did not object to any of the invoices in question.

30.     The balanced owed by Albion to Bon Appetit has been stated.

31.     Albion owes Bon Appetit $2,459,967.01 for unpaid invoices for Services performed and other amounts owed during the fiscal year beginning October 1, 208 to June 30, 2019.  An affidavit verifying the amount owed by Albion to Bon Appetit on account is attached as Exhibit 2.  In addition to the amounts owed on account, Albion owes Bon Appetit a service charge of .5% per month commencing at the time that all such amounts became past due, plus all costs and attorney fees incurred by Bon Appetit collecting the past due amounts.

WHEREFORE, Bon Appetit respectfully requests that this Court enter a money judgment against Albion and in favor of Bon Appetit in an amount in excess of $2,460,000, including a) all amounts owed by Albion to Bon Appetit for the period beginning October 1, 2018; plus b) service charges of .5% per month on all past due amounts commencing at the time that each invoice

6

amount because past due; plus; c) an award of costs and attorney fees incurred by Bon Appetit for collection of amounts owed under the Agreement; plus; d) an award of statutory interest calculated on all of the amounts referenced in parts a) through c) above.  Bon Appetit also requests that the Court award it such other and further relief as is deemed just and appropriate under the circumstances.

## JURY DEMAND

Bon Appetit hereby demands a jury on all issues so triable.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

Dated: September 29, 2020

/s/ R. Christopher Cataldo
R. Christopher Cataldo (P39353)
Attorneys for Plaintiff
27777 Franklin Road, Ste. 2500
Southfield, MI 48034
Ph:  (248) 351-3000
ccataldo@jaffelaw.com